IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MALIQ TAJ EL | ) | CASE NO. 3:10CV0078 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JAMES G. CARR |
| v. | ) | |
| | ) | |
| BERNIE QUILTER, *et al.* | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Maliq Taj El brings this action for violation of his constitutional rights against Defendants Lucas County, Ohio Clerk of Courts Bernie Quilter, Common Pleas Court Judges Charles J. Doneghy and Gary G. Cook and Attorney Sheldon Wittenberg.[1] He includes in his complaint 18 U.S.C. §§ 241, 242 which pertain to conspiracy to injure, oppress, threaten, or intimidate any person in the free exercise or enjoyment of any right secured to him by the constitution or laws of the United States and deprivation of constitutional rights on account of a person being an alien, or by reason of his color or race. He also invokes 18 U.S.C. § 4, Misprision, 18 U.S.C. § 1201, Kidnaping and 18 U.S.C. § 373, Conspiracy. Plaintiff requests that criminal charges against him be dismissed, all of his property returned, and damages in the amount of $100,000,000.00.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be

---

[1] Plaintiff did not include a short and plain statement of the grounds for the court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1).

granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Defendant Quilter, as Clerk of Courts is entitled to absolute immunity when performing judicial functions even if acting erroneously, corruptly or in excess of jurisdiction. *Bolling v. Garrett*, 2008 WL 2610234 * 2 (E.D. Mich., Jun. 30, 2008) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996)). Thus, he is not a proper party to this action. Judges Doneghy and Cook are common pleas court judges. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting these Defendants acted outside the scope of their official duties. Judge Doneghy and Judge Cook were definitely acting within the scope of their official duties in presiding over Plaintiff's court case.

Plaintiff wants this Court to dismiss all charges against him that are pending in the Lucas County Common Pleas Court. A federal court must decline to interfere with pending state

---

[2]  A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

All three factors supporting abstention are present in this case. The issues presented in the complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Plaintiff has set forth facts merely showing that he is complaining about the procedure that is legal and occurring daily in criminal courts. Consequently, this Court is required to abstain from intervening in the state court proceedings.

Plaintiff sued his attorney, Sheldon Wittenberg. He alleges that Wittenberg conspired with the prosecutor to violate his constitutional rights. Wittenberg should have known that his advice was misleading, and inconsistent with the constitution, that the prosecution lacked personam jurisdiction and territorial jurisdiction, and that there were no lawful complaints against him and that his rights were violated. The allegations against the judges and clerk of court are in the same manner. The complaint continues with absurd assertions that fail to state a cause of action.

Accordingly, Plaintiff's Motion to Proceed In Forma Pauperis is granted. This action is

dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date:   March 19, 2010                                          **S/ James G. Carr**
                                                                JUDGE JAMES G. CARR
                                                                UNITED STATES DISTRICT JUDGE